JAMES H. WARREN, PLAINTIFF IN CERTIORARI, v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEW BRUNSWICK, DEFENDANT IN CERTIORARI.

Submitted July 2, 1909—Decided November 8, 1909.

By the provisions of the so-called Civil Service act (*Pamph. L.* 1908, *p.* 253) municipalities are left to their choice to adopt or not to adopt the act in the mode prescribed therein, but having once adopted it no opportunity has been given them by law to regain their former *status* by a repeal of the ordinance of adoption.

On *certiorari.*

Before Justices REED, BERGEN and VOORHEES.

For the plaintiff in *certiorari, Alan H. & Theodore Strong.*

For the defendant in *certiorari, Robert Adrain.*

The opinion of the court was delivered by

VOORHEES, J. The so-called Civil Service act (*Pamph. L.* 1908, *p.* 253) was adopted in the city of New Brunswick by an ordinance passed December 7th, 1908. On January 4th, 1909, the common council of that city passed an ordinance repealing the ordinance of adoption. The prosecutor, a resident and taxpayer of said city at the time of the adoption of the Civil Service act as aforesaid, was and still is the superintendent of the fire alarm system of said city, and as such is protected by the Civil Service act in holding his position. The only reason urged for the setting aside of the repealing ordinance is that the common council had no lawful authority or power to pass it. The only powers possessed by municipal corporations are such as are delegated to them by the legislature. *Hackettstown* v. *Swackhammer,* 8 *Vroom* 191.

Section 30 of the Civil Service act provides "any municipality of this state may adopt the provisions of this act by

an ordinance duly adopted by the governing body of such municipality." By section 1 of the act, it is provided that "no person shall be appointed, transferred, reinstated, promoted, reduced or dismissed as an officer, clerk or employe or laborer in the civil service under the government of this state, or such municipality thereof as shall adopt the provisions of this act, as hereinafter provided, in any manner or by any means other than those prescribed in this act," and in section 31 it is further provided, "the adoption of the ordinance provided for in section 31 of this act, * * * if favorable to the adoption of this act, * * * shall be certified by the governing body or the municipality to the commission created by this act."

It will thus be seen that the ordinance to be passed pursuant to this act is not an ordinance in the ordinary sense, but is simply the mode prescribed by law to evidence the fact that the Civil Service act is to become operative in the municipality so legislating. The power, therefore, given by the legislature, is the power to adopt the Civil Service act, but no power is conferred after such adoption to throw off the provisions of the act. It cannot be said that the voters having under the other referendum in the act by an election signified their choice to have the act become operative, could, by a similar election, not provided for in the act, undo the work thus done. Nor can we distinguish between such act by popular vote and such act by the vote of common council to effect the purpose of nullifying the act of adoption. Municipalities were left to their choice to adopt or not to adopt the act, but having once adopted it, no opportunity has been given them by law to regain their former *status*.

For these reasons the ordinance of repeal must be set aside, but no opinion is intended to be expressed as to the validity of the Civil Service act or of the power to adopt it by ordinance by the governing body of a municipality.